**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02201-MSK-CBS

HACH COMPANY,

    Plaintiff,

v.

IN-SITU, INC.,

    Defendant.

---

**[PROPOSED] SCHEDULING ORDER IN A PATENT CASE**

---

**1.    DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Rule 16 Scheduling Conference, held pursuant to Rule 16 of the Federal Rules of Civil Procedure, is scheduled for October 30, 2013 at 9:15 a.m. in Courtroom A 402 before Magistrate Judge Craig B. Shaffer.  Andrew J. Petrie of Ballard Spahr LLP, 1225 Seventeenth Street, Suite 2300, Denver, Colorado 80202 is expected to appear on behalf of the Plaintiff Hach Company.  Brett Godfrey of Godfrey | Johnson, P.C., 9557 Kingston Court, Englewood, Colorado 80112 is expected to appear on behalf of the Defendant In-Situ, Inc.  In addition, Neal S. Cohen of Fox Rothschild LLP, 1200 Seventeenth Street, Tabor Center, Suite 975, Denver, Colorado 80202 may attend on behalf of PhotoSense, LLC, the licensor of the patented technology at issue and a potential intervenor in this action.

## 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this case presents well-pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Hach has brought this action based on the fact that In-Situ is using certain Technology that is subject to Licensed Patents, as to which PhotoSense granted Hach a worldwide exclusive license in the Field of Use (where Technology, Licensed Patents and Field of Use are all terms the July 14, 1999 License Agreement between PhotoSense and Hach defines). In-Situ obtained that Technology by acquiring TauTheta Instruments, LLC, an affiliate of PhotoSense ("TauTheta").

Hach brings this action for patent infringement because In-Situ has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import dissolved oxygen probe products, including, but not limited to, RDO® PRO Probes, that infringe at least one claim of U.S. Patent No. 7,791,028 in violation of 35 U.S.C. § 271(a).

b. Defendant: Defendant has not yet filed a responsive pleading in this matter and has not completed its investigation of the facts and law necessary to do so. However, based upon what is known at this time regarding the claims of Hach in this matter, In-Situ owns outright the Patent rights for the technology at issue in this litigation, which is not subject to any exclusive license Hach has with PhotoSense. Hach has waived any exclusive license rights in the technology by failing to make timely

payments to PhotoSense as required by the express language of its licensing agreement with PhotoSense. To the extent that Hach does have a license with PhotoSense, the license is not so broad so as to include the technology at issue in this litigation.

Furthermore, even if Hach has contracted with PhotoSense for exclusive rights to the technology at issue in this litigation, In-Situ relied upon representations and warranties from PhotoSense that the technology was not subject to any restrictions or licensing agreements. Thus, to the extent Hach has suffered any damages as a result of any patent infringement, such damages are not attributable to In-Situ. If Hach's exclusive license agreement was breached by the sale of the technology by PhotoSense to TauTheta, then Hach's claims would properly lie only against PhotoSense for breach of contract and not against In-Situ. As a mere contractual licensee of the technology once belonging to PhotoSense, Hach lacks standing to bring an infringement action against In-Situ.

Because Plaintiff only very recently served In-Situ Plaintiff's Complaint, In-Situ is still in the early stages of its investigation into the matters at issue in this litigation, and therefore does not represent that the foregoing statement of case and defenses are complete. In-Situ's understanding of its claims and defenses will undoubtedly progress as it continues to discover documents, facts, and information related to the claims at issue.

In-Situ contemplates possibly filing a motion to dismiss based upon the fundamental flaws in the legal theories set forth by Hach in the Complaint. The specific

grounds for that motion are currently under development, as the case is not yet at issue insofar as In-Situ has not yet filed a responsive pleading.

Finally, In-Situ believes that there may exist a basis for one or more counterclaims in addition to the dispositive relief it contemplates seeking in this action, including but not limited to claims for tortious interference with business and contractual relations; defamation; frivolous and groundless pleadings and abuse of process.

## 4.     UNDISPUTED FACTS

The following facts are undisputed:

1. On July 14, 1999, Hach and PhotoSense, L.L.C. ("PhotoSense") entered into a License Agreement ("License Agreement"), which speaks for itself.

2. The principals of PhotoSense were Nathan T. Baltz, Alan Baron and J.D. Sheldon Danielson.

3. On November 10, 2005, Provisional Application No. 60/736,021 was filed naming Baltz and Danielson as inventors.

4. On November 13, 2006, U.S. Patent Application No. 11/598,349 was filed, claiming priority to Provisional Application No. 60/736,021.

5. U.S. Patent Application No. 11/598,349 speaks for itself.

6. In late January 2007, Baltz and Danielson assigned their interests in U.S. Patent Application No. 11/598,349 to TauTheta.

7. On September 7, 2010, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,791,028, titled "Apparatus and Method for System Identification" (the " '028 Patent"), from U.S. Patent Application No. 11/598,349.

8. On December 27, 2012, TauTheta and In-Situ filed a Statement of Merger with the Colorado Secretary of State whereby TauTheta merged into In-Situ as of December 31, 2012 at 11:59 PM.

9. In-Situ manufactures or imports into the United States RDO® PRO Probes, and offers for sale and/or sells RDO® PRO Probes within the United States.

10. In-Situ advertises its RDO® PRO Probes for aquaculture operations, dam discharge applications, municipal or industrial water and wastewater treatment plants, storm water management systems, and real-time remediation systems.

## 5. COMPUTATION OF DAMAGES

As a result of In-Situ's infringement of Hach's rights in the '028 patent, Hach has suffered and will continue to suffer damages to which it is entitled pursuant to 35 U.S.C. § 284. Hach's damages are no less than a reasonable royalty for infringement of its patent rights, and may be measured as Hach's lost profits from In-Situ's sales of infringing products. Hach may also be entitled to trebled damages if discovery shows In-Situ's knowing and willful infringement of Hach's patent rights. Hach will also seek interest on any damages calculated for past infringement pursuant to 35 U.S.C. § 284 using as the interest rate In-Situ's unsecured borrowing rate.

Hach will measure its lost sales using, at least, its own sales figures and sales figures it will obtain from In-Situ during discovery in this case with respect to In-Situ's direct sales and In-Situ's sales as an original equipment manufacturer and/or licensor for third parties.

Defendant In-Situ objects to Hach's failure to provide the requisite specificity concerning its damages in this proposed Order. To the extent the same are known or could be known at this time by Hach, they are to be listed herein.

Further, Defendant In-Situ reserves the right to assert damages in a counterclaim at the time it files its Answer to the Complaint.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting.

Because Defendant In-Situ was served on October 9, 2013, it has not participated in a Rule 26(f) meeting.

b.   Names of each participant and party he/she represented.

See subsection 6(a).

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Hach made its Rule 26(a)(1)(A) disclosures on October 23, 2013, as if the parties had convened a Rule 26(f) conference on October 9, 2013 and consistent with the timetable for which Fed. R. Civ. P. 26(a)(1)(C) provides.

In-Situ was first served in this matter on October 9, 2013, and its Rule 26(a)(1) disclosures are presently due, pursuant to Court Order, on October 23, 2013. The deadline for In-Situ to serve its initial disclosures is the subject of a fully-briefed pending motion to vacate the deadlines set in the Court's August 21, 2013 Order. While Defendant is currently working to gather and review documents and information to be disclosed, as discussed more fully in the aforementioned motion, In-Situ requires more

6

time in which to serve its initial disclosures. Subject to the Court's ruling on the pending motion, In-Situ is preparing to serve its initial disclosures on or before Wednesday, November 27, 2013.

Hach does not believe it is reasonable or appropriate to afford In-Situ an extension to November 27, 2013 to file its Rule 26(a)(1)(A) initial disclosures.

     d.     Statement concerning any agreements to conduct informal discovery:

The parties have not yet agreed to conduct any informal discovery, but will remain open to consider that as a possibility when and as consistent with the protection of their respective rights and Fed. R. Civ. P. 1.

     e.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties have agreed to use a unified exhibit numbering system.

     f.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Hach has placed a "litigation hold" on materials having anything to do with its relationships with PhotoSense, Baron, Baltz and Danielson, TauTheta, and In-Situ. In-Situ is in the process of identifying those electronically stored materials, if any, that should be preserved and maintained for use or disclosure in the instant litigation.

      g.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties participated in an unmediated settlement discussion at the offices of In-Situ's counsel on September 25, 2013. The parties and PhotoSense then participated in a mediation on Sunday, October 6, 2013. They also continued to communicate with each other after October 6, both through and independent of the mediator, in an effort to resolve their disputes. The mediation and those additional efforts have not been successful in resolving the claims in this action.

### 7.   CONSENT

All of the parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.   CASE PLAN AND SCHEDULE

    a.    Date of Rule 16(a) and Rule 26(f) conferences with the Magistrate Judge:

        October 30, 2013

    b.    Deadline to join parties:

        December 2, 2013

    c.    Deadline for patentee to disclose initial claim chart / infringement contentions:

        November 6, 2013

    d.    Deadline for alleged infringer to disclose initial claim chart / response to infringement contentions:

        November 27, 2013

e. Deadline for alleged infringer's prior art statement, including but not limited to invalidity contentions:

N/A at present.

f. Deadline for patentee's prior art statement:

N/A at present.

g. Deadline for parties to exchange terms to be construed:

December 9, 2013

h. Deadline for filing of joint claim construction statement, including statements of the intended impact on the parties' proposed constructions on the merits of the case:

December 23, 2013

i. Month of technology tutorial with District Judge and Magistrate Judge:

March 2014

j. Deadline for filing of patentee's opening brief regarding claim construction:

January 20, 2014

k. Deadline for filing of alleged infringer's response brief regarding claim construction:

February 10, 2014

l. Deadline for filing of patentee's reply brief regarding claim construction:

February 24, 2014

m. Month of claim construction hearing with District Judge and estimated time necessary for hearing:

March or April 2014

n. Deadline to amend pleadings regarding willful infringement or inequitable conduct and deadline to amend claim charts and prior art statements:

March 15, 2014

    o.      Fact discovery deadline:

           March 15, 2014

    p.      Expert witness disclosure:

           April 15, 2014

           1.      The parties shall identify anticipated fields of expert testimony, if any.

Hach anticipates it will introduce expert or opinion testimony in the fields of: (a) the technology at issue and the nature of In-Situ's infringement; and (b) Hach's damages.

In-Situ was only recently served the Complaint in this matter on October 9, 2013, and is in the early stages of investigation Plaintiff's claims. It is therefore premature for In-Situ to opine on potential expert testimony it may use. Notwithstanding the foregoing, In-Situ anticipates that it may utilize expert testimony with respect to the scope of the licensing agreements at issue, industry practices concerning technology licensing and use by patent licensees and OEMs, accounting, economics, chemical engineering, marketing and sales of the subject technology and potentially other expert testimony to address whether the technology at issue in this litigation falls within the scope of any such license.

           2.      Limitations which the parties propose on the use or number of expert witnesses:

           The parties believe that 6 experts per side should be sufficient.

           3.      The parties shall designate all affirmative experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 15, 2014.

        4.        The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 15, 2014.

        5.        Expert discovery deadline: June 15, 2014.

    q.    Dispositive motions deadline: July 1, 2014.

## 9. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree to ten (10) depositions per side, excluding expert depositions.

The parties agree to twenty-five (25) interrogatories per side as Fed. R. Civ. P. 33(a)(1) provides.

    b.    Limitations which any party proposes on the length of depositions.

Those for which Fed. R. Civ. P. 30(d)(1) provides.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to a limit of twenty-five (25) requests for production and twenty-five (25) requests for admission per side.

    d.    Other planning or discovery orders

        1.        Deadline for filing proposed protective order(s):

The parties agree that the materials they are likely to exchange under Fed. R. Civ. P. 26(a)(1)(A) and/or to be the subject of discovery in this action will contain confidential and/or proprietary information relating to research and development, technology and technology licensing, corporate transactions and personnel files entitled to protection under Fed. R. Civ. P. 26(c), and may require an "attorneys' eyes only" designation for the protection of certain highly confidential materials. The parties agree

to meet and confer in good faith and as D.C.COLO.LCivR 7.1A requires, and to submit either an agreed motion for a protective order, or, if they cannot agree, a disputed motion, by no later than November 13, 2013.

    2.    No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A.  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Shafer regarding the issue.  Both of these steps must be completed before any contested discovery motions are filed with the Court.

    3.    Other issues:

PhotoSense, LLC, is the licensor of the technology that is the subject of this action as alleged in paragraph 8 of the complaint. [ECF No. 1].  PhotoSense has said that it will be moving to intervene in this action.

## 10.  DATES FOR FURTHER CONFERENCES

    a.    A settlement conference will be held on _____ at _____ o'clock \_\_.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( )    *Pro se* parties and attorneys only need be present.

    ( )    *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE:  This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

    ( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status conferences will be held in this case at the following dates and times:

    c.    A final pretrial conference will be held in this case on _____ at _____ o'clock \_\_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    b.    Anticipated length of trial and whether trial is to the court or jury.

This will be a jury trial. The parties anticipate it will take 6-7 days to try this case to the jury.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.

None.

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 2013.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/ Andrew J. Petrie
Andrew J. Petrie
Matthew A. Morr
BALLARD SPAHR LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado 80202-5596
Telephone: 303-292-2400
Facsimile: 303-296-3956
petriea@ballardspahr.com
morrm@ballardspahr.com

Lawrence K. Nodine
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309-5915
Telephone: 678-420-9300
Facsimile: 678-420-9301
nodinel@ballardspahr.com
*Attorneys for Plaintiff, Hach Company*

s/ Brett Godfrey
Brett Godfrey
Godfrey | Johnson, P.C.
9557 Kingston Court
Englewood, Colorado 80112
Telephone: (303) 228-0700
Facsimile:
godfrey@gojolaw.com
*Attorneys for Defendant, In-Situ, Inc.*