**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 13-cv-02201-CBS

HACH COMPANY,

 Plaintiff,

vs.

IN-SITU, INC.,

 Defendant.

**HACH'S MOTION FOR SANCTIONS**

  Hach Company ("Hach") moves under Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927 for sanctions against Brett Godfrey and the Godfrey Johnson, P.C. law firm for filing In-Situ's Motion for Attorneys' Fees, Expert Fees and Costs ("Motion for Fees"). [ECF no. 265]. At trial, the Court dismissed In-Situ's counterclaims of sham litigation and abuse of process as a matter of law under Rule 50(a) because In-Situ failed to present any evidence in support of its theory that Hach had an improper purpose or was engaging in anticompetitive conduct by bringing this action. [ECF no. 252]. In spite of the Court's dismissal of In-Situ's counterclaims, In-Situ's Motion for Fees seeks attorneys' fees and expert witness fees by relying entirely on the same unsupported factual contentions that "Hach pursued this case for competitive reasons to thwart competition by In-Situ." [Motion at 2]. Because there is no evidentiary support for In-Situ's motion, and the Motion for Fees presents legal contentions that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, the Court should sanction Mr. Godfrey and the

Godfrey Johnson firm under Rule 11. In addition, sanctions are proper under Section 1927 because, by again asserting these anticompetitive conduct allegations – after the Court already found no evidence that would support them, and dismissed the claims at the close of In-Situ's presentation of evidence – In-Situ's Motion for Fees has unreasonably and vexatiously multiplied the proceedings in this case.

### A. In-Situ's Motion Has No Factual Basis.

A motion must have some basis in fact. Fed. R. Civ. P. 11; see, e.g., Jemaneh v. Univ. of Wyoming, No. 12-CV-02383-RM-MJW, 2014 WL 1813169, at *1 n.2 (D. Colo. May 6, 2014) (unreported) ("unfounded . . . accusations against opposing party" may result in sanctions). By signing the Motion for Fees, Mr. Godfrey represented to the Court that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the factual contentions in the motion had evidentiary support. Fed. R. Civ. P. 11(b)(3). Mr. Godfrey knew from both the fact that he did not offer any evidence at trial that would have proved these assertions and the Court's resulting dismissal of In-Situ's counterclaims during trial, however, that In-Situ had no evidence to support the statements in the Motion for Fees that:

- Hach's conduct in bringing and pursuing this case despite knowing the late payments it made to Photosense under the licensing agreement resulted in that agreement being reverted to non-exclusive, raise the specter that Hach pursued this case for competitive reasons to thwart competition by In-Situ. [Motion for Fees at 2].

- Hach's strategy of using litigation as a sword to chill competition in its desired market space is specifically the type of patent litigation that should be disfavored[.] [Id. at 4].

- The most reasonable explanation for Hach's conduct, is that it brought this suit as part of a strategy to weaken In-Situ as a competitor in the marketplace. [Id.].

- Hach pursued this lawsuit, in spite of its understanding that its rights under the license agreement with Photosense were severely curtailed by its failure to adhere to the payment schedule explicit in the agreement. . . . Hach chose to pursue this lawsuit against In-Situ, . . . as part of a litigation strategy to limit a competitor in the market place. [Id. at 6].

In-Situ's Motion for Fees does not even attempt to provide citations or examples of evidentiary support that would back up these conclusory, argumentative and inflammatory statements. As Hach has set forth in greater detail in its Motion for Attorney's Fees [ECF no. 266], In-Situ has repeatedly, unreasonably and vexatiously multiplied these proceedings by pursuing this theory and these arguments for which it has no evidentiary support.

In the proposed Final Pretrial Order the parties submitted before the originally-scheduled August 2015 trial, which the Court adopted and entered immediately before the June 2016 trial, In-Situ listed Christopher McKee, Dr. Alan Baron, Nathan Baltz and Robert Blythe as witnesses who would provide testimony in support of In-Situ's counterclaims. In-Situ did not call Blythe to testify (or attempt to use his deposition testimony), and none of the other three witnesses provided any testimony that Hach engaged in sham litigation, abused the legal process, or engaged in any conduct whatsoever that could be considered attempting to coerce a one-sided business deal or interfering with In-Situ's business relationships. In-Situ offered no evidence from any document or any witness that there had been any impact on its customers or market, or the market generally, as a result of anything Hach did or did not do.

Using the cases In-Situ supplied as support for In-Situ's proposed jury instructions, the Court found that In-Situ presented zero evidence to support either the

3

sham litigation or abuse of process counterclaims. Because of the lack of any evidence, the Court dismissed these counterclaims under Rule 50. [ECF no. 252]. With trial over and the Court's dismissal of In-Situ's counterclaims for sham litigation and abuse of process, it is beyond dispute that there simply is no factual support for the statements In-Situ makes in support of its Motion for Fees. By filing the Motion for Fees, In-Situ has further unreasonably and vexatiously multiplied the proceedings in this case. The Court should award sanctions under Rule 11 and Section 1927 against Mr. Godfrey and the Godfrey Johnson firm for filing the Motion for Fees. See Graymore, LLC v. Gray, No. CIVA06CV00638EWN-CBS, 2007 WL 4062706, at *7 (D. Colo. Nov. 15, 2007) (ordering Rule 11 sanctions for motion where "Plaintiff's counsel pursued and cavalierly maintained an argument that, viewed objectively, was without factual basis.").

**B. In-Situ's Motion Lacks Any Legal Support.**

As an independent basis for entering sanctions, the Motion for Fees also lacks any legal support. Rule 11 requires that the attorney conduct a reasonable inquiry into the law. In-Situ's Motion for Fees fails to make a reasonable inquiry into the law because if In-Situ's counsel had reasonably investigated the legal requirements for In-Situ's motion seeking to recover attorneys' fees and expert witness fees, it would have been very apparent that In-Situ did not have any proper basis for its Motion. The Motion for Fees fails to meet the required showing to establish a "special circumstances" case that would warrant an award of fees under 35 U.S.C. § 285 and Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1751 (2014), or to establish that Hach has engaged in fraud on the court or committed an abuse of the

judicial process to warrant an award of expert witness fees as sanctions under the standards set forth in <u>Amsted Indus. v. Buckeye Steel Castings C</u>o., 23 F.3d 374, 378 (Fed. Cir. 1994).

      To obtain an award of attorneys' fees under Section 285, the prevailing party must show the case "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." <u>Octane Fitness</u>, 134 S. Ct. at 826.  Even if the Court were to give weight to the unsupported conclusory statements that In-Situ puts forth in support of its motion, these proffered "facts" do not even come close to establishing by a preponderance of the evidence that this was an exceptional case under <u>Octane Fitness</u>.  This case does not "stand out from others" with respect to In-Situ's litigating position.  As the Court's decisions denying two In-Situ motions for summary judgment [ECF nos. 59, 166] and two In-Situ Rule 50(a) motions [ECF nos. 246, 252] establish, Hach had a good faith basis and evidence raising a genuine, triable issue of fact in support of its patent infringement claim.  Further, In-Situ's Motion for Fees does not point to any evidence showing that Hach engaged in any "unreasonable" litigation tactics that would warrant an award of fees under Section 285.   In-Situ's counsel has failed to make a reasonable inquiry into these legal standards because the Motion lacks any support to establish this case was an "exceptional" case under Section 285 and <u>Octane Fitness</u>.

      In-Situ's Motion for Fees also seeks to recover expert witness fees without having reasonably inquired into the legal standards governing the recovery of expert witness fees.  The settled rule is that a party is not entitled to expert witness fees as part

of an award of costs under 28 U.S.C. § 1920.  E.g., iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1380 (Fed. Cir. 2011) (expert witness fees are not taxable as costs under 28 U.S.C. § 1920 or recoverable under § 285).  Thus, the only basis on which In-Situ would possibly be entitled to recover its expert's fees would be if there were another statutory basis or a basis to award those fees as a sanction.  Here, there is no statute available except for Section 285 that Hach has addressed above and demonstrated does not apply.

To obtain an award of expert witness fees as a sanction under Amsted Industries, In-Situ would have to meet an even higher standard and prove that Hach engaged in bad faith litigation conduct that makes this case a "very exceptional case of gross injustice."  Id. at 378 (internal quotation marks omitted).   Examples would include filing false pleadings, engaging in discovery abuses, presenting misleading evidence at trial, and otherwise using tactics of oppression and harassment or engaging in fraudulent conduct during the course of the litigation.  See id. at 379.  It is apparent that In-Situ's counsel has failed to make a reasonable inquiry into these standards as well because the Motion for Fees does not contain any allegations regarding Hach's litigation conduct, much less any proof; that is because Hach did not engage in any litigation misconduct.

Rule 11 requires that counsel make a reasonable inquiry into the law.  If In-Situ's counsel had investigated the legal requirements for moving for attorneys' fees and expert witness fees, it would have been very apparent that In-Situ did not have any proper basis for its Motion for Fees.  See In re Faires, 123 B.R. 397, 404 (Bankr. D.

Colo. 1991) ("Where a reasonable amount of research would have revealed that there was no legal foundation for the position taken, Rule 11 sanctions are appropriate"; awarding fees under Fed. R. Civ. P. 11).

**C. Hach Seeks Its Attorneys' Fees in Preparing This Motion**

Throughout the course of this litigation, Hach has repeatedly had to address In-Situ's unfounded allegations that Hach brought this lawsuit for anticompetitive reasons. Even after In-Situ's counterclaims were dismissed, In-Situ continues to rely on these baseless allegations to support its Motion for Fees. In-Situ's "dogged refusal" to abandon this completely unsupported anticompetitive theory has unreasonably and vexatiously multiplied proceedings in this lawsuit. Under Rule 11 and Section 1927, Hach seeks an award of its fees for preparing this Rule 11 motion. See Graymore, LLC v. Gray, No. CIVA06CV00638EWN-CBS, 2007 WL 4062706, at *9 (D. Colo. Nov. 15, 2007) ("Plaintiff's counsel's filing of a baseless motion coupled with his dogged refusal to withdraw the motion in a timely manner constitutes an unreasonable and vexatious multiplication of the proceedings"; awarding fees under 28 U.S.C. § 1927).

DATED:  August 16, 2016.  Respectfully submitted,

s/ Andrew J. Petrie
Andrew J. Petrie
Matthew A. Morr
Rachel R. Mentz
BALLARD SPAHR  LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado  80202-5596
Telephone:  303-292-2400
Facsimile:  303-296-3956
petriea@ballardspahr.com
morrm@ballardspahr.com
mentzr@ballardspahr.com

Lawrence K. Nodine
BALLARD SPAHR  LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309-5915
Telephone:  678-420-9300
Facsimile:  678-420-9301
nodinel@ballardspahr.com
*Attorneys for Plaintiff, Hach Company*

## CERTIFICATE OF SERVICE

   I hereby certify that on August 16, 2016, the foregoing **HACH'S MOTION FOR SANCTIONS** was personally served on the following counsel of record.  Pursuant to Fed. R. Civ. P. 11(c)(2), this Motion was not filed with the Court to allow counsel for In-Situ twenty-one (21) days to withdraw or appropriately correct In-Situ's Motion for Attorneys' Fees, Expert Fees and Costs.

Brett Godfrey
Aaron L. Hayden
Godfrey | Johnson, P.C.
9557 S. Kingston Court
Englewood, CO  80112
godfrey@gojolaw.com
hayden@gojolaw.com


                s/ Robin E. Anderson